# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EDWARD KOSTEN, SUZANNE KOSTEN, and LUKE KOSTEN, <br>     Plaintiffs, <br><br> vs. <br><br> GEORGE KOSTEN, JOHN REEVES, US SAUCES, LLC, and UNION NATIONAL BANK, <br>     Defendants. | Case No. 16 C 6666 |

## ORDER ON DEFENDANTS' MOTIONS TO DISMISS OR SEVER

The plaintiffs in this case are Edward and Suzanne Kosten, who are husband and wife, and Luke Kosten, their son. The Court will refer to each of them, as well as defendant George Kosten, by first name only, to avoid confusion.

The lawsuit concerns an entity called Garden Row Foods, Inc., which manufactured and distributed sauces. Edward owns 30% of the company's stock, and Suzanne owns 10%. Luke is not a shareholder. The defendants are George Kosten, who was the president of Garden Row; John Reeves, who was its vice president; US Sauces, LLC; and Union National Bank. George Kosten and Reeves own the other 60% of Garden Row's stock, and they are currently the president and vice president of US Sauces.

Plaintiffs allege that in December 2004, George and Reeves shut down Garden Row, claiming that the business was failing. According to plaintiffs, at the same time they shut down Garden Row, George and Reeves established US Sauces and transferred Garden Row's assets (including its business premises) and customers to US Sauces, without any compensation for Garden Row in return. All of this rendered Edward and Suzanne's Garden Row stock worthless. Union National Bank allegedly facilitated the transfer by an alleged misapplication of the sale proceeds.

Luke alleges that he created copyrighted art and authorized Garden Row to use

it on the labels of its sauces.  He alleges that when Garden Row shut down and US Sauces opened, George, Reeves, and US Sauces used the copyrighted material on its corresponding labeling for the same sauces, without his authorization.  Luke (and only Luke) asserts a claim for breach of copyright, which of course is a claim under federal law.  The other four claims in the complaint are brought only by Edward and Suzanne, and not by Luke.  They are state-law shareholder derivative claims against Kosten and Reeves for breach of fiduciary duty; against all of the defendants for unjust enrichment, conversion, and civil conspiracy; and against Union Bank for breach of its loan agreement with Garden Row.

The defendants have filed motions attacking the complaint.  No defendant contends that the copyright infringement claim (count 1) is deficient.  George, Reeves, and US Sauces argue, however, that that subject matter jurisdiction is lacking over the remaining claims (counts 2 through 6) because there is no independent basis for federal jurisdiction over those claims, and they are not part of the same case or controversy as the copyright claim.  They argue in the alternative that Edward and Suzanne did not verify the shareholder derivative claims as required by Federal Rule of Civil Procedure 23.1(b) and that those claims should be severed from the copyright infringement claim.  Union Bank makes the same arguments and also alleges that the derivative claims are insufficiently pleaded.

Defendants concede that there need not be an *independent* basis for subject matter jurisdiction for each plaintiff.  *See* George Kosten, et al. Mot. to Dismiss at 4 (citing *Xuncax v. Gramajo*, 886 F. Supp. 162, 194 (D. Mass. 1995)).  If a court has original jurisdiction over certain claims in an action, the court has supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."  28 U.S.C. § 1367.  *See, e.g., Stromberg Metal Works, Inc. v. Press Mechanical, Inc.*, 77 F.3d 928, 930 (7th Cir. 1996) (section 1367 permits pendent-party jurisdiction).

The Court concludes that the copyright infringement claim derives from a nucleus of operative fact that is in common with the shareholder derivative claims.  To be sure,

the legal requirements for these claims are not similar, but all of the claims arise from the alleged improper transfer of the business and assets of Garden Row by the defendants to US Sauces—including the right to use the copyrighted artwork. The Court concludes that the claims are part of the same case or controversy as section 1367 uses that term and therefore declines to dismiss counts 2 through 6 for lack of subject matter jurisdiction. As for defendants' request to sever those claims, the Court believes that is a matter more appropriately decided later in the case. There is plainly enough of a common nucleus for discovery to be conducted in common. The Court therefore denies without prejudice defendants' request to sever those claims from count 1.

The Court agrees with defendants that the shareholder derivative claims are not properly verified because they are signed only by plaintiffs' counsel, and not by Edward and Suzanne. *See* Fed. R. Civ. P. 23.1(b). Though there appears to be little law on the subject, and nothing controlling, the Court believes that in the usual case, the Rule requires verification by the plaintiffs, not simply by their attorney. (This does not appear to be a case in which, as one court put it, "counsel is substantially more familiar with the subject matter of the complaint than is the plaintiff," which might make verification by counsel sufficient. *See Goldberg v. Meridor*, 81 F.R.D. 105, 110 (S.D.N.Y. 1979).) The Court therefore dismisses counts 2 through 6, with leave to amend to include the necessary verification.

The Court overrules Union Bank's contention that counts 2 through 5 are insufficiently pleaded. With regard to the unjust enrichment claim, it does not appear that the claim is based on a written contract (which might bar it), and in any event, federal pleading rules permit a plaintiff to assert claims in the alternative. Fed. R. Civ. P. 8(d)(3). With regard to the conversion claim, the complaint sufficiently identifies the assets claimed to have been converted. And the conspiracy claim sufficiently alleges an agreement as well as an underlying tort (conversion).

Count 6, the breach of contract claim against Union Bank is deficient as currently alleged, because it does not identify the terms of the contract that allegedly were breached. The Court therefore dismisses count 6 on this basis as well, with leave to amend. Plaintiffs would be well advised to attach the relevant contract(s) to their

amended complaint if and when they file one.

**Conclusion**

In summary, for the reasons described above, the Court denies defendants' motions to dismiss counts 2 through 6 for lack of subject matter jurisdiction; denies without prejudice their motions to sever those same claims; dismisses counts 2 through 6 due to insufficient verification under Rule 23.1(b); and dismisses count 6 for failure to state a claim. Plaintiffs have leave to file an amended complaint by no later than January 5, 2017. The case remains set for a status hearing on December 15, 2016 at 9:30 a.m. for the purpose of setting a discovery and pretrial schedule.

Date: December 14, 2016            _____
                                                              MATTHEW F. KENNELLY
                                                               United States District Judge